IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
ELDORADO DIVISION

MARY GILMORE                                                                       PLAINTIFF

VS.                              CASE NO.: _____

SUMMIT HEALTH AND
REHABILITATION, LLC,                                                          DEFENDANT
d/b/a SUMMIT HEALTH AND
REHABILITATION CENTER

## COMPLAINT

### Introduction

This is a civil rights action brought pursuant to 42 U. S. C. Sections 1981, 1983, 2000 (e) et seq., and pursuant to the Fourteenth Amendment to the United States Constitution, to recover damages against the defendant for the unlawful discriminatory employment practices the plaintiff, Mary Gilmore.  has been subjected to on account to her race and age.  This is an action for declaratory judgment pursuant to 28 U. S. C. Section 2201 to declare the rights and other legal relations between the parties.  The plaintiff is also seeking equitable relief and injunctive relief as well.

## JURISDICTION

1. Jurisdiction and venue of this Court are invoked pursuant to 28 U. S. C. Sections 1331, 1343, 1391, 42 U. S. C. Sections 1981, 83 and 2000 (e) et. seq. The court is also requested to assume supplemental jurisdiction over the plaintiff's state law claims of defamation and retaliation by the facility's management for complaints plaintiff made regarding the facility's failure to comply with DHS regulations, including ratio and staffing regulations violations, pursuant to 28 U. S. C. Section 1367.

2. Venue herein is proper under 28 U. S. c. section 1391 (b) and 42 U. S. C. Section 2000e-5(f) (3), and the alleged unlawful employment practices were committed within the State of Arkansas, and in the Western District, County of Columbia.

3. All conditions precedent to jurisdiction under the statutes herein have occurred or been complied with, to wit: a charge of discrimination against race and age was filed with the Employment Opportunity Commission (EEOC), on May 9, 2021; a Dismissal and Notice of Rights to Sue Letter was issued by the EEOC on May 29, 2021; and this Complaint has been filed within ninety (90) days of receipt of the Notice of Right to Sue Letter.   See

attachments as Exhibits "1" and "2", respectively, and incorporated herein by reference.

4. The defendant Summit Health and Rehabilitation Center, Taylor, Arkansas, is a Health care facility which specializes in skilled nursing care and comprehensive rehabilitation services for both short-term and long-term care. Defendant is an employer within the meaning of 42 U. S. C. Section 2000e, et seq.

5. The plaintiff is a 69-year-old African American who was employed by Summit Health and Rehabilitation Care Facility on August 15, 2020, as a Registered Nurse (RN). Her employment with that facility was terminated on October 16, 2021. Ms. Gilmore was informed that her employment was being terminated because of her neglect and abuse of a white resident of the facility.

6. Plaintiff was the only African American RN employed by defendant when she and another employee, white, were suspended for the same thing. However, the white employee was suspended for a very short period of time, but the plaintiff was suspended at 9:00 a. m. for investigation of the matter and terminated at 12:00 p. m. over the phone. Plaintiff was not given a reason for her employment termination when she first called in to inquire for reason of her termination; that the Direction of Nursing told plaintiff she did not know

why she was suspended; that her paperwork was in Human Resources; plaintiff was then told that her employment was terminated for abuse and neglect. Plaintiff was never provided paperwork on her termination, even after requesting such, on more than one occasion.

7. Plaintiff was treated differently and less favorably that the other employee, a white C.N. A. who was involved in the incident alleging abuse and neglect of a resident of the facility. Plaintiff's employment was terminated; the white employee's employment was suspended for a short period of time; plaintiff was reported to the Arkansas Department of Human Services for abuse of a resident in a Long term care Facility; the white CNA was not reported; plaintiff was reported to said facility because a white resident of the facility reported that, "Plaintiff has abused a female resident of the facility, whose date of firth is 12/09/1953. According to the facility's investigative file, the resident self-reported Ms. Gilmore's refused to let her ambulate throughout the facility. Ms. Gilmore forced the resident to stay within one area of the facility by closing the entrance." Based on this information in the record, the allegation of abuse to the resident was determined to be "Founded". The plaintiff denied any abuse and or neglect of this patient. The allegations of abuse and neglect by Plaintiff

was dismissed or dropped. Nevertheless, Plaintiff was never reemployed and pay all lost wages and other benefits.

8. The defendant also reported the plaintiff to the Arkansas Board of Nursing, a complaint regarding Plaintiff's nursing practices on December 02, 2020. The complaint alleged that, "on or about October 16, 2020, you refused to allow a resident to ambulate through-out the facility at Summit Health and Rehabilitation. You also, allegedly, closed the fire doors to block access to the front of the building and took away the resident's wheelchair, all which ultimately led to your termination." The white employee, the CNA, who was also involved in this incident, was not treated in a similar fashion.

9. Plaintiff was a hard worker who never missed a day of work and has never had complaints to any state regulatory agency regarding her work or violations of rules, or abuse or neglect of patients or residents. Plaintiff feels that this action taken against her is discriminatory, based on her race-African American and her sex, female, and retaliation for her reporting management for regulation violations.

10. Defendant knew that his white resident who made these complaints had previously caused troubled and had gone out the doors of the facility to the outside, when the employees were busy, and could not watch her, or were

shorthanded of workers, which endangered her life and could have caused much trouble for the facility. Nevertheless, defendant took the word of this individual over Plaintiff without conducting an investigation, treating the white CNA, who was involved in this same incident, with favorable treatment compared to plaintiff.

11.   Plaintiff was also subjected to different terms and conditions of working conditions, which were less favorable than her similarly situated white coworkers.  The administration of Summit Health and Care Center treated the white employees more favorably than Plaintiff.  He would not communicate with Plaintiff as he did with the white employees.  His attitude towards Plaintiff was totally different and less favorable than that displayed to the white employee.

12. The defendant has violated the plaintiff's constitutional rights, and has subjected her to discriminatory treatment, while acting under color of law, making his cause of action enforceable pursuant to 42 U. S. C. Section 1983.

13. Furthermore, plaintiff has been afforded less favorable terms and conditions of her employment with the defendant, on account of his race and, age, for no legitimate reason, in violation of plaintiff's rights as governed by 42 U. S. C. Sections 1981 and 2000 (e), et seq., and the Fourteenth Amendment to the

United States Constitution, and in retaliation against him for participation in protected activities.  Defendant's actions herein were intentional and racially discriminatory, based on Plaintiff's race and her age.

14. The acts of the defendant in subjecting the plaintiff to less favorable terms and conditions of her employment contract, as enjoyed by similarly situated white and younger employees, were done under color of law, making this cause of action enforceable pursuant to 42 U. S. C. Sections 1981, 1983 and 2000 (e) et. Seq.

15. As a direct and proximate cause of the discriminatory conduct committed by the defendant, the plaintiff has suffered damages, by way of lost income, humiliation, mental anguish, breach of contract, all in an amount to be proven at the trial of this matter.

16. The above-mentioned acts of discrimination were committed with malice and with reckless indifference towards the federally protected rights of the plaintiff, that an award of punitive damages is warranted.

<u>Jury Demand</u>

17. The plaintiff requests that this matter be submitted to a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

a. declare that the plaintiff has been subjected to unlawful discriminatory practices;

b. back pay and reinstatement to her position, or a similar position, with all lost benefits;

c. compensatory damages and punitive damages;

d. the costs of prosecuting this action;

e. attorneys fees; and

f. for all other equitable, legal, and just relief.

Respectfully submitted,

Ralph Washington

_____
Ralph Washington
Bar Number 76138
Attorney for Plaintiff
Ralph Washington, PLLJC
1612 Broadway
Little Rock, Arkansas 72206
(501) 244-9818 –phone
(501) 244-9904 facsimile
rmwashington117@sbcglobal.net